Christian PEARSON, Plaintiff-
Appellant,

v.

Elizabeth PANAGUITON; William
Goode; Janice Jeon; Dianassociates;
Ms. Kelly Lucas; Hipolito D. Matos;
Donna Smith; Bart Masters; Eddie
Anderson; Rebecca Grove; Mr. M.
Weaver, sued in their individual ca-
pacities, Defendants-Appellees.

No. 16-7385

United States Court of Appeals,
Fourth Circuit.

Submitted: August 31, 2017

Decided: October 18, 2017

Christian Pearson, Appellant Pro Se.
Lara Dee Pyne Crane, BUREAU OF
PRISONS, Beaver, West Virginia; Ste-
phen Michael Horn, Assistant United
States Attorney, Charleston, West Virgi-
nia; William Paul Blackford, BLACK-
FORD & FLOHR, LLC, Severna Park,
Maryland; Dorwin J. Wolfe, Elkins, West
Virginia, for Appellees.

Before TRAXLER, AGEE, and
THACKER, Circuit Judges.

Unpublished opinions are not binding
precedent in this circuit.

PER CURIAM:

Christian Pearson, a federal inmate, ap-
peals the magistrate judge's order denying
his motion for appointment of counsel and
the district court's order accepting the rec-
ommendation of the magistrate judge and
denying relief on his complaint filed pursu-
ant to *Bivens v. Six Unknown Named
Agents of Fed. Bureau of Narcotics*, 403
U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619
(1971), and the Federal Tort Claims Act
(FTCA), 28 U.S.C. § 1346 (2012). Pearson
also appeals the district court's order de-
nying his motion to appoint counsel. We
affirm in part, vacate as to the district
court's dismissal of Pearson's FTCA claim,
and remand for further proceedings.

"The FTCA waives the federal Govern-
ment's sovereign immunity in tort actions,
making the United States liable in the
same manner and to the same extent as a
private individual under like circum-
stances." *Cibula v. United States*, 664 F.3d
428, 429 (4th Cir. 2012) (internal quotation
marks omitted). When determining liabili-
ty pursuant to the FTCA, courts apply
"the law of the place where the negligent
act or omission occurred." *Id.* at 430.
(brackets and internal quotation marks
omitted). Here, the district court appropri-
ately applied West Virginia law.

The Medical Professional Liability Act
(MPLA), W. Va. Code § 55-7B-6 (2016),
governs medical malpractice claims in
West Virginia. *Banfi v. Am. Hosp. for
Rehab.*, 207 W.Va. 135, 529 S.E.2d 600, 605
(2000). Generally, "in medical malpractice
cases[,] negligence or want of professional
skill can be proved only by expert wit-
nesses." *Id.* (internal quotation marks
omitted). However, expert testimony is not
necessary when "lack of care or want of
skill is so gross, so as to be apparent, or
the alleged breach relates to noncomplex
matters of diagnosis and treatment within
the understanding of lay jurors by resort
to common knowledge and experience." *Id.*
at 605-06 (internal quotation marks omit-
ted). Whether an expert is required is

within the discretion of the court, and the court's decision on the matter is therefore reviewed for abuse of discretion. *Id.* at 605.

In this case, the magistrate judge found that expert testimony was required in Pearson's case and that Pearson's failure to obtain a certificate of merit under the MPLA was fatal to his claim. Pearson objected, noting that he was not given an opportunity to address the deficiency, and pointing out the difficulty involved in requiring an indigent inmate to obtain certification from a medical expert.* The district court did not address Pearson's objection to this finding. The record, therefore, does not allow us to engage in meaningful appellate review. Accordingly, we vacate the portion of the district court's order dismissing Pearson's FTCA claim against the government and remand so that the district court may consider Pearson's objections in this regard.

We have reviewed the record with respect to Pearson's remaining claims and find no reversible error. Accordingly, we affirm the denial of relief on Pearson's other claims for reasons stated by the magistrate judge and the district court. *Pearson v. Panaguiton*, 1:15-cv-07411 (S.D.W. Va. Sept. 27, 2016). We deny Pearson's motion for injunctive relief pending appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED*

---

* A certificate of merit is not required if expert testimony would not be necessary to prove liability, but a claimant proceeding under this

theory must file a statement in accordance with W. Va. Code § 55-7B-6(c) (2016).